FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARY JOHNSON; JAMES JOHNSON, | No. 11-35528 |
| Plaintiffs - Appellants, | D.C. No. 4:09-cv-00031-RRB |
| v. | |
| RON WALL; JESS CARSON; BRUCE BARNETT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 24, 2013
Fairbanks, Alaska

Before: TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

Appellants Johnson brought suit against officer-defendants under 8 U.S.C. §

1983 for alleged judicial deception during the acquisition of a search warrant,

which resulted in the search of their home. The district court granted summary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

judgment in favor of the officer-defendants on the basis of qualified immunity. We review the district court's decision de novo. *Chism v. Washington*, 661 F.3d 380, 386 (9th Cir. 2011).

For the Johnsons' judicial deception claim to survive a motion for summary judgment on the grounds of qualified immunity, they "must 1) make a substantial showing of [the officers'] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the[ir] dishonesty, the [challenged search] would not have occurred." *Chism*, 661 F.3d at 386 (quoting *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997). Here, not only did they fail to make a substantial showing that the officers made deliberate falsehoods or displayed a reckless disregard for the truth, but there was also sufficient evidence remaining to establish probable cause even after excising the facts in dispute. *See Liston*, 120 F.3d at 972 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)). The district court did not err when it granted defendants' motions for summary judgment.

Additionally, we lack jurisdiction to review the issue of attorney's fees. "In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district court within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "[A] supplemental notice of appeal is required for us to have jurisdiction over an attorneys' fees issue that becomes final subsequent to

the initial notice of appeal." *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011) (citation and emphasis omitted); *see also Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) ("A party wishing to challenge the [later] attorney fees decision 'must file a notice of appeal, or an amended notice of appeal' specifying its appeal of that decision."). No further action was taken here after the district court ruled on attorney's fees.

We **AFFIRM** the district court's decision dismissing appellants' claim on summary judgment and **DISMISS** the appeal of the district court's award of attorney's fees for lack of appellate jurisdiction.